# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

DEBORA TORRES MUNIZ,                              Case No. 08-18048-RGM
                                                  (Chapter 7)
          Debtor.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS CASE is before the court on the proposed reaffirmation agreement by and between the debtor and Toyota Motor Credit Corporation. (Docket Entry 20). Part D of the reaffirmation agreement is partially completed. It shows, as does Schedule I, that the debtor has no income. This is corroborated by Question 1 on the Statement of Financial Affairs which states that the debtor had no income in 2007 or 2008 and estimated income of $42,000 in 2006. The portion relating to expenses is left blank. The amount of expenses shown on Schedule J is $1,522.00. Both income and expenses are required by §524(k)(6)(A) of the Bankruptcy Code. In addition, as of December 1, 2008, the Bankruptcy Rules also require debtors to state the total income and expense amounts of Schedules I and J. Fed.R.Bankr.P. 4008(b). If these two sets of figures differ, debtors are to provide an explanatory statement. The court notes that the debtor has not stated on Part D the figures from Schedules I and J.

The first page of the reaffirmation agreement states that the presumption of undue hardship arises. This is supported by the debtor's Statement of Financial Affairs, Schedule I and Schedule J. In these circumstances, debtor's counsel must certify on Part C of the reaffirmation agreement that although the presumption of undue hardship arises, in his opinion, the debtor is able to make the required payment. *See In re Keck*, 2008 WL 2952156 (Bankr.E.D.Va. July 25, 2008) (failure

1

of counsel for the debtor to check the box in Part C indicating that the presumption of undue

hardship applies, and that, in his opinion, the debtor is able to make the required payment).  Here,

debtor's counsel signed Part C but did not check the box next to his certification.  Counsel must state

in some clear manner that in his opinion the debtor can make the required payment.  That has not

been done in this case.

In addition, the reaffirmation agreement was not timely filed.  A reaffirmation agreement

must be filed no later than 60 days after the first date set for the meeting of creditors.

Fed.R.Bankr.P. 4008(a).  The first date set for the meeting of creditors was January 26, 2009.  The

deadline to file the reaffirmation agreement was March 27, 2009.  The reaffirmation agreement was

not filed until June 11, 2009.

For the foregoing reasons, it is

ORDERED that the reaffirmation agreement is not effective.

Alexandria, Virginia
June 23, 2009

 /s/ Robert G. Mayer                                
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to Erroll T. Moore

Copy mailed to:

Shronda Pressley
Asset Protection Analyst
Toyota Motor Credit Corp.
19001 S. Western Ave.
Mailstop WF21
Torrance, CA 90501

15266

2